# M'Donald *against* Mulhollan.

It is not a tenable objection to the admissibility in evidence of a judgment against an administrator, that his letters of administration had not been previously shown ; the judgment cannot be thus collaterally impugned.

The validity of a warrant is not at all affected by the fact of its having been unexecuted for thirty-seven years, provided there be no intervening right.

When an actual settler has resided upon land for two years, and then leaves it unoccupied for five years, it is the duty of the court to instruct the jury, that his absence for that length of time is a legal abandonment of his right.

ERROR to the common pleas of *Bedford* county.

This was an action of ejectment by George Mulhollan, Jun., against Owen M'Donald and James Fenlon, for a tract of land.    The plaintiff claimed under a warrant to George John, for four hundred acres, dated the 12th of March 1794, and the purchase-money, paid by James Wilson the 12th of August 1794, who, on the 15th of August 1794, mortgaged it, with other lands, to Kearny Wharton and others.    The plaintiff then offered in evidence a judgment on the said mortgage, confessed the 6th of August 1821, by Thomas M'Kean Pettit, administrator of James Wilson, to which the defendants objected, on the ground that the letters of administration to Mr Pettit were not shown, and that the great lapse of time between the date of the mortgage and the judgment upon it, rendered it objectionable.    The objections were overruled, and the testimony admitted.

The plaintiff then gave in evidence proceedings upon the mortgage and sale of the land to Abraham Kerns, on the 28th of January 1830. On the 15th of February 1831, the survey was made, and accepted

[M'Donald v. Mulhollan.]

the 21st of February 1831.   The title was then regularly made from Kerns to George Mulhollan, the plaintiff.

The defendant claimed title under Hugh Meloy, who made an improvement on the land, in the spring of 1824, and resided on it for about two years, during which time he built a cabin, and made a small improvement, and raised potatoes and some grain.   When he quitted the cabin, he left some articles of furniture in it, and locked the door, and appointed an agent to rent it, and it was vacant for five years, and until about the time when this suit was brought.

Upon this evidence the court (Thompson, President) charged the jury, that the settlement of Meloy was abandoned, and his title was not in the way of the plaintiff's recovery.   ·

*Smith,* for plaintiff in error, cited 3 *Caines' Rep.* 222.

*Lyon,* for defendant in error, cited, Pfoutz *v.* Steel, 2 *Watts* 409.

The opinion of the Court was delivered by

GIBSON, C. J.—The judgment on the mortgage could be avoided collaterally, but for collusion; and, in the absence of proof of it, the legal presumption is in favour of its fairness.   The indication of collusion, which is said to have met the eye of the court, is the time, twenty-seven years, which elapsed betwixt the date of the mortgage and the judgment on it.   But we know not what intermediate payments may have appeared, or what other circumstances may have been called in aid to rebut the presumption of payment.   Beside, this presumption, though a legal one, can be drawn but by a jury, under the court's direction; and consequently cannot be made the foundation of a preliminary question.   The exception taken, however, was propounded not on the basis of collusion, but want of authority in the defendant to represent the intestate.   But, except *as* an index of collusion, even want of authority would *be nerveless*; for there certainly was an actual judgment, which, while unreversed, was to be treated as a rightful one, so far as regarded mere regularity. But in a question of competency, the court would have no better right to assume the fact of collusion, than it would have to assume the fact of payment, both being alike triable by the jury.   It certainly has not been usual to require letters testamentary, or of administration, to be produced with the record of a judgment, against an executor or administrator.   The party to be affected by it may show it to have been collusive, by evidence *aliunde,* which, however, is to be weighed by a jury, in the ordinary way.

The objection to the plaintiff's warrant is, that it was not laid till thirty-seven years had elapsed.   Except as regards an intervening right, it is not perceived that delay, in this particular, can be material.   The authority of a warrant expires not by efflux of time; and the execution of it has frequently been suspended for a longer period. What is incurred by that, is risk of postponement by a subsequent

[M'Donald v. Mulhollan.]

appropriator. The present is a shifted warrant, which confers title but from the return of survey; and as no land could be found to answer the description in it, it is said to be a lost one. But none can be such which may be filled by vacant land in the county. It may be shifted as well at the end of thirty-seven years, as of so many days; for to say that its authority is exhausted by time, would be of fearful consequence to titles.

But there was, in fact, an intervening title, and the prosecution of it is the concluding branch of our inquiry. It is certain, that a question of abandonment is not necessarily a question of intention. There are instances where the conclusion to be drawn from the evidence, taking the truth of it for granted, is not one of fact, but of law, and where an admitted intent to resume the settlement is immaterial. Such is a leading principle of Claggage *v.* Duncan, 1 *Serg. & Rawle* 120. To substitute claim for residence, and convenience for prosecution of the title, would subvert the whole doctrine of improvement. An appropriator is not to be held off by an improver, who has barely set his mark on the land, by the commencement of a settlement suspended, but intended to be resumed at a more convenient season. In such a case, the *animus revertendi* goes for nothing. It is continuance of residence, with such occasional exceptions of temporary, but indispensable interruption of it, as circumstances may require, and of which it may be the province of the court to judge, which is the groundwork of the title. Now the proof is, that the settler, under whom the defendants claim, having resided on the land a year, locked up in his cabin a few trifling articles, which he could not conveniently carry away, and removed, with his family, to a town in an adjoining county, in order to acquire, from his earnings, a horse, with which to carry on the business of cultivation, at his return, which seems to have been fixed for no particular period. But though he afterwards worked on the land, in the language of a principal witness, " by brushing up the fences a little," he never did return. In 1831, therefore, when the plaintiff's warrant was laid, the settlement had been discontinued at least five years, during which, the settler had done no more than verbally assert a claim to the ownership, and profess a design to resume his residence. It was clearly the province of the court, therefore, to direct that he had abandoned his title, in point of law, for his convenience was not a sufficient reason to dispense with continuity of residence, and, to say that, as the land had become vacant again, there was nothing to hinder the plaintiff from laying his warrant on it.

Judgment affirmed.